NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORENZO OLIVER | Hon. Dennis M. Cavanaugh |
| Plaintiff, | OPINION |
| v. | Civil Action No. 2:12-cv-03757 (DMC) (JAD) |
| MERILL MAIN, Ph.D., JENNIFER VELEZ, LYNN KOVICH, GARY M. LANIGAN, HERBERT SMYCZEK. M.D., KATHLEEN SZOKE, R.N., FUNKE KANJI-OJELADE, R.N., NEW JERSEY DEPARTMENT OF HUMAN SERVICES, NEW JERSEY DEPARTMENT OF MENTAL SERVICES, NEW JERSEY DEPARTMENT OF CORRECTIONS, UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY, and John/Jane Does 1-40, individually and in their official capacities | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon the motion of Defendants Merill Main, Ph.D., Jennifer Velez, Lynn Kovich, Gary M. Lanigan, Herbert Smyczek, M.D., Kathleen Szoke, R.N., Funke Kanji-Ojelade, R.N., New Jersey Department of Human Services ("DHS"), New Jersey Division of Mental Services ("DMS"), New Jersey Department of Corrections ("DOC"), University of Medicine and Dentistry of New Jersey ("UMDNJ"), and John/Jane Does 1-40, individually and in their official capacities (collectively "Defendants") to dismiss the Complaint of Plaintiff Lorenzo Oliver ("Plaintiff") pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R.

Civ. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's Motion is **granted in part** and **denied in part**.

I. **BACKGROUND**[1]

Plaintiff currently resides in Rahway, New Jersey in a Special Treatment Unit, an involuntary and indefinite civil commitment treatment program designed for "sexually violent predators" who have been released from state prison. Plaintiff alleges that on or about May 13, 2011 through May 15 or 16, 2011, he suffered strokes and serious illness. Plaintiff claims that he sought medical treatment and care from Defendants and was not provided with adequate care or treatment for over three days. During that time, Plaintiff alleges that he continued to suffer additional strokes with great pain, discomfort, and fear, and was at times unable to move, speak, stand, sit, see, or breathe. He claims that he was left to lie helpless in his own vomit, and at other times, was left pleading for help. According to Plaintiff, medical/paramedical personnel named Herbert Smyczek, M.D., Kathleen Szoke, R.N., and Funke Kanji-Ojelade, R.N., as well as other medical/paramedical personnel and physicians whose identities are presently unknown to Plaintiff were responsible for his care at all pertinent times. Plaintiff also claims that Merrill Main, Ph.D., clinical director of the Special Treatment Unit, Jennifer Velez, commissioner of the DHS, Lynn Kovich, director of the DMS, and Gary M. Lanigan, commissioner of the DOC were negligent in the hiring, training, and supervision of employees, and failed to promulgate procedures and necessary guidelines to protect Plaintiff.

Plaintiff claims that, as a result of the alleged misconduct, he suffered physical pain, mental terror, partial paralysis, psychological terror, and limitations on ambulation, eating, hearing, vision, speech, and thinking.

---

[1] The facts from this section are taken from the parties' pleadings.

2

Plaintiff filed his first Complaint on June 21, 2012 (ECF No. 1). Plaintiff filed an Amended Complaint on October 9, 2012, alleging negligence, medical malpractice, and violations of 42 U.S.C. § 1983, and asking for punitive damages ("Compl.," ECF No. 17). Defendants filed this Motion to Dismiss on January 7, 2013 ("Def.'s Mot.," ECF No. 32). Plaintiff filed a Brief in Opposition on February 5, 2013 ("Pl.'s Opp'n," ECF No. 40). Defendants filed a Reply Brief on February 11, 2013 ("Def.'s Reply," ECF No. 43).

## II. STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

## III. DISCUSSION

### A. Negligence Claims

Count I of the Complaint alleges that all Defendants were negligent in their care, treatment, and diagnosis of Plaintiff, or are legally liable to Plaintiff for the negligence of their employees, agents and/or servants. Count II alleges that Defendants Main, Velez, Kovich, Lanigan, Smyczek, DHS, DMS, DOC, and UMDNJ were negligent in the hiring, training, and supervision of their employees, agents, and/or servants. Count II additionally alleges that these Defendants were negligent in failing to promulgate procedures and guidelines necessary for the protection of Plaintiff and permitted, encouraged, tolerated, and ratified a pattern and practice of unreasonable and illegal behavior. Plaintiff has stipulated that these claims cannot be brought against Defendants DHS, DMS,[2] DOC, UMDNJ, Main, Velez, Kovich, and Lanigan due to the Eleventh Amendment (Def's Opp'n., Ex. A, C). Thus, this claim will be analyzed with respect to the remaining Defendants.

Defendants' Motion to Dismiss initially included an argument that the negligence claims should be dismissed because Plaintiff failed to file a notice of tort claim as required under the New Jersey Tort Claims Act, N.JS.A § 59:8-3. Defendants have since withdrawn this argument (ECF No. 34, Jan. 17, 2013).

Defendants additionally argue that Plaintiff's negligence claims fail to meet the threshold requirement under the Tort Claims Act, which provides the following:

> No damages shall be awarded against a public entity or public employee for pain and suffering resulting from any injury; provided, however, that this limitation on the recovery of damages for pain and suffering shall not apply in cases of permanent loss of a bodily function, permanent disfigurement or dismemberment where the

---

[2] The DMS was not expressly included in the parties' agreement. However, because it is a state agency and because no arguments were subsequently raised with respect to this agency, this Court will assume that the parties intended to include it here and in all other relevant parts of its Opinion.

4

medical treatment expenses are in excess of $3,600.00.

N.J.S.A. § 59:9-2(d).

Plaintiff's Complaint alleges that, as a result of Defendants' conduct, he suffered, among other things, "partial paralysis." This is a sufficient injury under the Tort Claims Act. See Gilhooley v. County of Union, 753 A.2d 1137, 1142 (N.J. 2000). Plaintiff's Complaint, however, does not allege that his incurred expenses are in excess of $3,600. In R.K. v. Y.A.L.E. Schools, Inc., 621 F. Supp. 2d 188, 201 (D.N.J. 2008), the plaintiffs claimed to have suffered severe depression as a result of the defendants' conduct, but did not demonstrate in their pleadings that they incurred expenses in excess of $3,600. The court held that due to the nature of the plaintiff's claims, it could not "conclude that [the plaintiffs] have *not* . . . incurred medical expenses in excess of $3,600.00." Id. Therefore, the court found that this issue was better suited for summary judgment. See id. ("Of course, if, upon a later motion for summary judgment, Plaintiffs fail to adduce evidence of a permanent injury and medical expenses exceeding $3,600.00, Plaintiffs' claim for pain and suffering damages will be dismissed . . . ."). Similarly, in the present case, due to the severity of the injuries Plaintiff claims to have suffered, the Court cannot conclude at this point that Plaintiff's injuries are not in excess of $3,600. Accordingly, Defendants' motion to dismiss this claim is denied.

### B. Medical Malpractice Claim

Count III of the Complaint alleges medical malpractice against all Defendants. Defendants do not specifically address this claim in their Motion to Dismiss. It can arguably be construed that Defendants intended to include this claim in their argument as to why Plaintiff's negligence claims should be dismissed. However, even if this were true, as discussed supra, that argument fails. Nonetheless, Plaintiff's medical malpractice claim is improper to the extent that Plaintiff seeks to bring this cause of action against any Defendant other than those who allegedly

5

treated him medically and the hospital where the treatment took place, which includes Defendants Smyczek, Szoke, Kanji-Ojelade, and UMDNJ. Therefore Defendants' motion to dismiss should be denied with respect to the claims against Smyczek, Szoke, Kanji-Ojelade, and UMDNJ and granted with respect to all other Defendants.

### C. Punitive Damages Claim

Count IV of the Complaint seeks punitive damages against all Defendants with respect to the allegations in Counts I, II, and III. Defendants do not address this claim in their Opposition. However, to the extent that Defendants' motion to dismiss is granted for Count III with respect to Defendants other than Smyczek, Szoke, Kanji-Ojelade, and UMDNJ, Defendants' Motion to Dismiss must also be granted regarding the punitive damages claim against those Defendants.

### D. Plaintiff's 42 U.S.C. § 1982 Claims

#### 1) Defendants DHS, DMS DOC, and UMDNJ

Counts V and VI of the Complaint allege that all Defendants violated Plaintiff's constitutional rights under 42 U.S.C. § 1983. Plaintiff stipulates that this action cannot be maintained against Defendants DHS, DMS DOC, and UMDNJ due to the Eleventh Amendment (Def's Opp'n., Ex. A, C). Therefore, Defendants' Motion to Dismiss is granted with respect to the claims against these state agencies.

#### 2) Defendants Main, Velelz, Kovich, and Lanigan

Plaintiff stipulates that this action cannot be maintained against Defendants Main, Velez, Kovich, and Lanigan under a theory of respondeat superior (Id.). However, Plaintiff alleges that these Defendants are liable under a theory of supervisory liability (Def's Opp'n. at 6).

Personal involvement in a civil rights action "can be shown through allegations of personal direction or of actual knowledge and acquiescence," Rode v. Dellarciprete, 845 F.2d

1195, 1207 (3d Cir. 1988). However, these allegations "must be made with appropriate particularly." Id. Plaintiff alleges no facts in his Complaint that indicate that Main, Velez, Kovich, or Lanigan had any actual knowledge of wrongdoing or acquiesced any wrongdoing. Plaintiff's conclusory allegations are insufficient to withstand a motion to dismiss. See id. at 1208 (stating that the claim was properly dismissed because the plaintiff failed to show that the defendant "had the necessary personal knowledge to sustain the civil rights action as to him"); Simonton v. Tennis, 437 F'Appx 60, 63 (3rd Cir. 2011) (stating that the plaintiff "failed to show that [the defendant] had the necessary personal involvement in the underlying unconstitutional conduct"). Accordingly, Defendants' Motion to Dismiss is granted with respect to these Defendants.

### 3) Defendants Smyzek, Szoke, and Kanji-Ojealade

It initially appears from the parties' emails to one another that there was no agreement to dismiss the § 1983 claims against Defendants Smyzek, Szoke, and Kanji-Ojealade. Defendants' counsel states the following in a letter to Plaintiff's Counsel:

> Would you be willing to sign a stipulation of dismissal as to Defendants Main, Velez, Kovich, Langian, DHS, DOC, and UMDNJ? This would prevent unnecessary motion practice on behalf of these Defendants and would leave in those you have identified in the Amended Complaint as "malfactors", Symczek, Szoke, Kanji-Ojelade.

(Pl.'s Opp'n, Ex. A).

Plaintiff's counsel subsequently wrote a letter to Defendants' counsel stating the following: "I agree that the referenced state agencies and employees cannot be sued in their official capacity" (Id., Ex. C).

While this exchange does not appear to agree to a dismissal of the § 1893 claims against Defendants Smyzek, Szoke, and Kanji-Ojealade, section I of Defendants' Motion to Dismiss argues that the § 1983 claims against "Defendants DOC, DHS, UMDNJ, and

DOC Commissioner Lanigan, DHS Director Main, DHS Commissioner Velez, DHS Director Kovich, *UMDNJ Dr. Symczek, UMDNJ Nurse Szoke, and UMDNJ Nurse Kanji-Okelade*, in their official capacities" should be dismissed (Def.'s Mot. At 7) (emphasis added). Plaintiff states in his Opposition that section I of Defendants' motion should be stricken because "everything sought by defendants . . . has been conceded by plaintiffs" (Pl.'s Opp'n at 4). Thus, it appears that Plaintiff has agreed to dismiss the § 1983 claims against all Defendants. Accordingly, Defendants' Motion to Dismiss is granted with respect to all Defendants.

### IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **granted in part** and **denied in part**. An appropriate order follows this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:       September 24, 2013
Original:   Clerk's Office
cc:         Hon. Joseph A. Dickson, U.S.M.J.
            All Counsel of Record
            File