UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 3053
NEWARK, NJ 07101
973-645-3827

March 7, 2017

## LETTER ORDER-OPINION

Re:   [D.E. 130, Motion to Withdraw as Counsel]
      Oliver v. Main
      Civil Action No. 12-cv-3757 (SDW)(SCM)

Dear Litigants:

Before the Court is Day Pitney LLP's motion to withdraw as counsel for Plaintiff Lorenzo Oliver in the above-captioned matter.[1] Mr. Oliver has not opposed the motion.[2] Upon careful consideration of the docket and the motion record, for the reasons set forth below, Day Pitney's motion to withdraw is **GRANTED**.

I.   **PROCEDURAL HISTORY**

Paul R. Marino, Esq. is a partner at the office of Day Pitney, LLP. On October 1, 2014, Mr. Marino was appointed as *pro bono* counsel for Mr. Lorenzo Oliver.[3] On October 6, 2014, Mr.

---

[1] ECF Docket Entry ("D.E.") 130.

[2] A court may consider a motion to be uncontested when opposition has not been filed as required by local rule. *Taylor v. Harrisburg Area Comm. Coll.*, 2014 W.L. 4071644 (3rd Cir. 2014). Opposition to any motion is due at least 14 days prior to the original return date, unless the Court otherwise orders or an automatic extension is obtained. L. Civ. R. 7.1(d)(2). The return date for this motion was March 6, 2017. Mr. Oliver did not oppose the motion or request an extension of time to respond. This motion is therefore considered to be uncontested.

[3] (D.E. 83).

Marino entered his notice of appearance.[4] On December 2, 2016, the parties and their counsel appeared for a settlement conference with the Court. At the conclusion of the Conference, a 60-day Order was entered.[5]

On January 27, 2017, Mr. Marino received a copy of a letter that Mr. Oliver forwarded to the Court advising that he intended to file a motion to withdraw from the settlement. That same day, Mr. Marino submitted a letter to the Court advising that his firm would not be able to continue to represent Mr. Oliver in seeking to vacate the settlement based on a conflict of interest.[6]

On January 30, 2017, Mr. Oliver filed a motion to withdraw from the settlement without the assistance of counsel.[7] The basis for Day Pitney's motion to withdraw as counsel is that Mr. Oliver's motion and allegations in support created a conflict of interest that prevents the firm from continuing to represent Mr. Oliver in this action.

## II. **LEGAL DISCUSSION**

The Court's Local Civil Rules provide, in pertinent part, that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court."[8] "[T]he decision of whether or not to permit withdrawal is within the discretion of the court."[9] "In granting or

---

[4] (D.E. 85).

[5] (D.E. 124).

[6] (D. E. 125).

[7] (D. E.127).

[8] L. Civ. R. 102.1.

[9] *Welsh v. Maersk Line, Ltd.,* No. 06-2047 (RBK), 2008 U.S. Dist. LEXIS 47992, *2 (D.N.J.

denying a motion to withdraw, a court will consider factors such as: [(a)] the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case."[10]

"The Rules of Professional Conduct of the American Bar association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by Federal statute, regulation, court rule or decision of law."[11] Rule of Professional Conduct 1.16 sets forth the situations in which an attorney may or, alternatively, must, withdraw from the representation of a client. For instance, subsection (a) of that Rule, which governs mandatory withdrawal, states, in pertinent part, that an attorney "shall withdraw from the representation of a client if . . . the representation will result in violation of the Rules of Professional Conduct or other law." (emphasis added). Subsection (b), which governs permissive withdrawal, provides, in relevant part:

> [A] lawyer may withdraw from representing a client if:
>
>> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>>
>> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>>
>> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>>
>> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental

---

June 23, 2008) (citing *Rusinow v. Kamara,* 920 F. Supp. 69, 71 (D.N.J. 1996)).

[10] *Rusinow*, 920 F. Supp. at 71.

[11] L. Civ. R. 103.1.

>
> disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

R.P.C. 1.16(b).

Here, Mr. Marino represents that he and his firm have a conflict of interest in continuing to represent Mr. Oliver in connection with his motion to withdraw from the settlement. Mr. Oliver's motion to withdraw from the settlement alleges that Mr. Marino had an obligation to inform him that a 1991 judgment for $44,000 existed against him before he agreed to settle, and failed to meet that obligation.[12] The Court finds that Mr. Marino has good cause to withdraw as a result of the conflict of interest that would ensue if counsel were required to represent Mr. Oliver on his motion to withdraw from the settlement. Therefore, Mr. Marino has demonstrated good cause for his motion to withdraw.

An appropriate Order follows:

## ORDER

**IT IS** on this Tuesday, March 07, 2017,

1. **ORDERED**, that Day Pitney's motion to withdraw as counsel for Plaintiff Oliver is GRANTED; and it is further

2. **ORDERED**, that Day Pitney shall immediately provide Plaintiff with copies of this Order; and it is further

---

[12] (D.E.127, at 3).

3. **ORDERED**, the Clerk of the Court shall update the docket in this action to reflect that Plaintiff Oliver is now representing himself *pro se*, and shall include Mr. Oliver's address (as set forth in Day Pitney LLP's Notice of Motion for Leave to Withdraw as Counsel (D.E. 130)), on the docket.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

3/7/2017 9:24:58 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File