# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|  |  |
|---|---|
| LORENZO OLIVER,<br>        Plaintiff,<br>v.<br>MERRILL MAIN, et al.,<br>        Defendants. | Civil Action No.<br><br>2:12-CV-3757-SDW-SCM<br><br>**ON CROSS-MOTIONS TO REOPEN AND TO ENFORCE SETTLEMENT**<br>**[D.E. 127, 128]** |

## REPORT AND RECOMMENDATION

STEVEN C. MANNION, United States Magistrate Judge.

      Before this Court are cross-motions from *pro se* Plaintiff Lorenzo Oliver ("Mr. Oliver") to withdraw from settlement, and Defendants Rutgers University, Herbert Smyczek and Funke Kanji-Ojelade's ("Rutgers Defendants") motions to enforce settlement.[1] The Honorable Susan D. Wigenton, United States District Judge, referred these motions to the undersigned for a report and recommendation.[2] There was no oral argument. Upon consideration of the parties' submissions and for the reasons stated below, it is respectfully recommended that the motion to withdraw be denied and motion to enforce be granted.

---

[1] (ECF Docket Entry Nos. ("D.E.") 127, 128).

[2] *See* Local Civil Rule 72.1(a)(2).

## II. **BACKGROUND AND PROCEDURAL HISTORY**

Mr. Oliver resides in the State's Special Treatment Unit in Avenel, New Jersey, and appeared before the Court for a video settlement conference on December 2, 2016.[3] At the time of the settlement conference, Mr. Oliver was represented by *pro bono* counsel, Paul Marino, Esq. of Day Pitney LLP.[4] During the video settlement conference with the Court, Mr. Oliver consented to a settlement amount of $43,000, and the Court confirmed that Mr. Oliver understood the terms of the settlement.[5] Immediately thereafter, Counsel placed the terms of the parties' settlement on the record.[6]

Mr. Marino stated on the record that "[t]he plaintiff has agreed to resolve this case and grant a full release in exchange for payment of $43,000 from the defendants in the case."[7] Attorney for the Rutgers Defendants, David Donohue, confirmed the settlement amount on the record.[8] The Court also discussed that Mr. Oliver "understood the settlement and participated very actively himself in the settlement discussions from day one."[9] As part of finalizing the settlement, Mr. Donohue discussed that he would "get a child support search," and have the check processed in

---

[3] (D.E. 60, Opinion at 2).

[4] Mr. Marino represented Mr. Oliver from his appointment until the case was settled during the Court's video settlement conference in December of 2016. He moved to withdraw from the case on February 17, 2017 due to a conflict of interest in Mr. Oliver's allegations about Mr. Marino, and such motion was granted. (D.E. 135).

[5] (D.E. 131, ¶7).

[6] (D.E. 131, ¶7); (D.E. 138).

[7] (D.E. 138 at 4).

[8] *Id.*

[9] *Id.* at 5.

about six weeks, and Mr. Marino indicated that those terms were acceptable.[10] On December 2, 2016, the Court entered a 60 day Order administratively terminating the action, stating that "within 60 days after entry of this Order, the parties shall file all papers necessary to dismiss this action…or, if, settlement cannot be consummated, request that the action be reopened."[11] The Court's Order administratively terminating the action provided that the Court shall dismiss this action "absent receipt from the parties of dismissal papers or a request to reopen the action within the 60-day period."[12]

Following the settlement conference, Counsel for the Rutgers defendants forwarded to Mr. Marino a copy of a proposed release to be executed and returned with a signed Stipulation of Dismissal and a child support judgment search.[13] As part of the search that the Attorney General's Office conducts before processing any settlement funds, a small lien in the amount of $1,050 was discovered from the Public Defender's Office for previous legal services provided to Mr. Oliver.[14] Counsel for the Rutgers defendants informed Mr. Marino of this lien and that it would have to be satisfied from the settlement funds before any monies were turned over to Mr. Oliver.[15] Mr. Marino subsequently advised counsel for the Rutgers defendants that the child support judgment search revealed multiple judgments against Mr. Oliver for past due support obligations (totaling

---

[10] *Id.* at 6.

[11] (D.E. 124).

[12] *Id.*

[13] (D.E. 131, ¶8).

[14] *Id.* at ¶9.

[15] *Id.*

$43,610.50).[16] Following the judgment search, Mr. Oliver would not sign the Stipulation of Dismissal.[17]

On January 25, 2017, Mr. Oliver filed a letter indicating his intention to file a motion to withdraw from the settlement.[18] He requested "that the court not proceed with any matters concerning the settlement until [he] filed [the] motion."[19] On January 30, 2017, Mr. Oliver moved to withdraw, because the satisfaction of outstanding child support judgments against him would mean that he would not receive any of the settlement proceeds in this case.[20] He indicated he had been unaware that a case had been instituted against him by the Essex County Board of Social Services, resulting in default judgment of $44,000 in 1991. In his Affidavit, Mr. Oliver stated that he agreed to settle the instant case for the sum of $43,500.[21] He further stated that "my future living and medical expenses were heavily considered in reaching this agreement."[22]

On March 27, 2017, Mr. Oliver filed a letter to the Court stating that New Jersey's Administrative Office of the Courts informed him that two of the judgments against him are closed, and that the one open judgment is in the amount of $10,027.[23] He further stated that the Probation

---

[16] *Id.* at ¶10.

[17] *Id.* at ¶11.

[18] (D.E. 126). His *pro bono* counsel then sought and obtained leave to withdraw as counsel. (D.E. 127).

[19] (D.E. 126).

[20] (D.E. 127, Oliver Affidavit ¶¶ 4-5).

[21] (D.E. 127).

[22] *Id.*

[23] (D.E. 137).

4

Department closed the open case, but will not furnish a warrant of satisfaction. Instead, Mr. Oliver must contact Ms. Patricia Garcia or her attorney to obtain a warrant of satisfaction. Mr. Oliver further discovered that the Public Defenders Office's Lien Section has reduced the lien to $750. He requests that if the Court denies his motion to withdraw from settlement, that it hold the $10,027 from the open case for a time until he can find Ms. Garcia or exhausts all avenues searching for her, and release all other funds.

On February 8, 2017, Defendants responded by moving to enforce the settlement.[24]

II. **DISCUSSION AND ANALYSIS**

Typically, a federal court sitting in diversity must apply the substantive law of the forum state in deciding questions pertaining to the construction and enforcement of contracts.[25] Under New Jersey law, a settlement agreement between parties to a lawsuit is itself a contract that is separate and independent from the underlying dispute.[26] New Jersey public policy favors settlements.[27] Courts will therefore "strain to give effect to the terms of a settlement wherever

---

[24] (D.E. 128).

[25] *See LNT Merch. Co. v. Dyson, Inc.*, No. 08-2883, 2009 WL 2169236, at *1 (D.N.J. July 21, 2009) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188 (1938); *Cooper Labs. v. Int'l Surplus Lines Ins. Co.,* 802 F.2d 667, 672 (3d Cir. 1986); *Excelsior Ins. Co. v. Pennsbury Pain Ctr.,* 975 F. Supp. 342, 348–49 (D.N.J. 1996)).

[26] *Payer v. Berrones*, No. 12-1704, 2015 WL 4715953, at *2 (D.N.J. Aug. 7, 2015) (internal citation omitted); *Pac. All. Grp. Ltd. v. Pure Energy Corp.*, No. 02-4216, 2006 WL 166470, at *2 (D.N.J. Jan. 23, 2006) (citing *Cooper-Jarrett, Inc. v. Cent. Transp., Inc.,* 726 F.2d 93, 96 (3d Cir.1984)).

[27] *Longo v. First Nat. Mortg. Sources*, 523 F. App'x. 875, 878 (3d Cir. 2013) (citing *Nolan v. Lee Ho,* 120 N.J. 465, 472, 577 A.2d 143, 146 (1990)).

possible."[28] "Traditional contract law rules provide that a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms."[29] The burden is on the moving party to establish that the parties entered into a contract of settlement.[30] "Where a contract of settlement is actually held to exist…the party seeking to vacate the settlement must show compelling circumstances."[31]

Before the Court can adjudicate the instant motions to enforce/vacate settlement, it must determine that it has subject matter jurisdiction to do so.[32] The Court's Order administratively terminating the action provided that the Court shall dismiss this action absent "a request to reopen the action within the 60-day period." Although Mr. Oliver's January 30, 2017 motion to withdraw from settlement did not expressly request that the Court reopen the action, it did request that the Court permit him to "withdraw from the settlement and allow him to address his state legal matters and redo the settlement thereafter." As Mr. Oliver is now appearing *pro se*, the Court liberally construes his motion to withdraw from settlement as a request to reopen the action to allow him to revoke the current settlement and re-negotiate it after he resolves his personal non-related legal

---

[28] *McDonnell v. Engine Distributors*, No. 03-1999, 2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007), *aff'd*, 314 F. App'x 509 (3d Cir. 2009) (citing *Dep't of Pub. Advocate, Div. of Rate Counsel v. New Jersey Bd. of Pub. Utilities*, 206 N.J. Super. 523, 528, 503 A.2d 331, 333–34 (App. Div. 1985)).

[29] *Longo v. First Nat. Mortg. Sources*, 523 F. App'x. 875, 878 (3d Cir. 2013) (citing *Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990)).

[30] *LNT Merch. Co.*, 2009 WL 2169236, at *1 (internal citations omitted).

[31] *Bowles v. New York Liberty*, 11-3529(ES), 2014 WL 7148916, at *2 (D.N.J. Dec. 15, 2014) (quoting *Amatuzzo v. Kozmiuk*, 305 N.J. Super. 469, 475 (App. Div. 1996)).

[32] *See U.S. v. Zoebisch*, No. 095207(RMB/KMW), 2013 WL 5719246, at *2 (D.N.J. Oct. 18, 2013) (internal citations omitted).

6

matters.[33] Because Mr. Oliver filed his motion to withdraw from settlement on January 30, 2017, he is within the 60 day window that the Court set.

The Court finds that an agreement to settle this matter was reached on December 2, 2016, and the parties manifested an intent to engage in an offer and acceptance of $43,000 to settle the claims in this case. The Court further finds that the parties manifested an intent to be bound by the oral agreement on December 2, 2016, with a formal written contract to be executed subsequently. Mr. Oliver admits that he agreed to settle the case on December 2, 2016, albeit for $500 more than the amount placed on the record.[34] He evinced intent to be bound and understanding of the settlement during the video settlement conference, and stated afterwards that his "future living and medical expenses were heavily considered in reaching this agreement."[35]

Now that the Court has found that a settlement contract exists, the Court turns to whether compelling circumstances exist to vacate the settlement. Mr. Oliver argues that the settlement should be vacated because he "will not receive the amount of relief he agreed to in the settlement;" he was not aware that a child support judgment against him existed; and counsel should have informed him of the judgment.[36] In essence, Mr. Oliver argues that he lacked information about how the settlement proceeds would be distributed, and that this warrants vacating the settlement contract.

The Court finds that Mr. Oliver has failed to meet his burden of showing compelling circumstances that would warrant vacating the settlement. When the settlement was placed on the

---

[33] *Id.*

[34] (D.E. 127, Affidavit, ¶2).

[35] *Id.*

[36] *Id.* ¶¶ 7-8.

7

record, the Rutgers defendants' counsel discussed the preparation of the release and stated that a child support search would be conducted. Mr. Oliver's attorney, Mr. Marino indicated that those terms were acceptable.

New Jersey law requires that child support liens be satisfied from the proceeds of any settlement in excess of $2,000.[37] The law further requires that when "net proceeds" "are to be paid through a structured settlement or other payment plan, the attorney … shall be required to conduct the child support judgment search only at the time of settlement or prior to the distribution of the first payment under the plan."[38] The law does not require that a child support judgment search be conducted *before* parties enter into an oral settlement agreement. This Court, therefore, will not endorse a rule that a failure to conduct a judgment or lien search prior to entering settlement constitutes compelling circumstances to vitiate the settlement. This is especially so, where there was no indication of fraud or condition that Mr. Oliver's acceptance of the settlement was contingent upon the absence of any judgments or liens.

To do otherwise, would invite chaos anytime a civil litigant becomes dissatisfied with a settlement. Any litigant may have any variety of personal obligations and debts towards which settlement proceeds may be applied. In this case, Mr. Oliver himself was not even aware that a case for child support had been brought against him that resulted in a judgment in 1991. If Mr. Oliver himself was not aware, there would be no reason for his attorney to suspect that this type of judgment against him existed, unless Mr. Oliver informed him otherwise. Mr. Oliver does not indicate that he revealed any information to his attorney to suggest that a child support judgment might exist against him. To rule that compelling circumstances exist when an attorney does not

---

[37] N.J.S.A. 2A:17-56.23b.

[38] *Id.*

anticipate unforeseen personal debts of his client would have the potential to eviscerate numerous legitimate and well-negotiated settlements. The Court declines to make such a ruling.

Finally, this Court notes that courts have declined to disturb settlements where liens or other obligations existed and litigants complained that their award will ultimately be less than originally pondered.[39] In *Robinson v. U.S.*, that court, in declining to vacate a settlement with an inmate, discussed that "as a matter of law the plaintiff simply was not entitled to additional, specific advance notice that the proceeds obtained in this settlement might at some later date be subject to a Treasury offset."[40] Even though it is well established that settlements with the United States are subject to a statutory offset for child support, federal taxes, and state taxes, among other categories, the Court did not find that the settlement should be vacated because the inmate was not reminded of this law.[41] The *Robinson* court stated that the U.S. Attorney's Office "is not responsible for [an inmate's] personal debts and did not have an additional responsibility to remind [the inmate] in the settlement agreement that the funds would be offset."[42]

For these reasons, Mr. Oliver's motion to withdraw should be denied and the Rutgers Defendants' motions to enforce should be granted. The parties have each discussed the option of the Court holding settlement amounts in escrow until Mr. Oliver resolves his personal legal issues. The Court will not re-write the parties' settlement agreement, but I recommend that the settlement be enforced as the parties originally agreed. Because it is the Rutgers' Defendants' obligation to

---

[39] *See Bowles v. N.Y. Liberty*, No. 11–3529, 2014 WL 7148916, at *3 (D.N.J. Dec. 15, 2014); *Robinson v. U.S*, No. 13-cv-879, 2014 WL 1785342, at *5 (M.D. Pa. May 5, 2014). See also *U.S. v. Bailey*, CRIM 03-370 ADM/AJB, 2013 WL 5964447 (D. Minn. Nov. 4, 2013).

[40] *Robinson v. U.S*, 2014 WL 1785342, at *5.

[41] *Id.*

[42] *Id.*

comply with all state statutes regarding disbursement of settlement monies when child support judgments and liens exist, the undersigned recommends against the Court holding the settlement proceeds in escrow as both parties alternatively suggest.

IV. **CONCLUSION**

For the reasons articulated herein, the undersigned respectfully recommends that Plaintiff Oliver's Motion to Withdraw from the settlement be **DENIED** and that the Rutgers Defendants' Motion to Enforce the settlement be **GRANTED**. The parties have fourteen days to file and serve any objections to this Report and Recommendation.[43] "The District Court need not consider frivolous, conclusive, or general objections."[44]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/16/2017 1:34:43 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

Mr. Lorenzo Oliver, #512
Special Treatment Unit
8 Production Way
P.O. BOX 905
Avenel, NJ 07001

---

[43] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[44] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).